# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| REMI ROHL, on behalf of herself and others similarly situated,<br><br>*Plaintiff*,<br><br>vs.<br><br>PROFESSIONAL FINANCE COMPANY, INC.; and JOHN DOES 1-25,<br><br>*Defendant*. | Case No. 3:21-cv-17507-MAS-RLS |

## UNITED STATES' REPLY IN SUPPORT OF THE CONSTITUTIONALITY OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692c(b)

# TABLE OF CONTENTS

**TABLE OF CONTENTS** ................................................................................... ii

**TABLE OF AUTHORITIES** ............................................................... iii

**INTRODUCTION** ............................................................................. 1

**ARGUMENT** .................................................................................... 1

   I.  Recent Judicial Authority Confirms That Intermediate Scrutiny Is the Proper Standard of Review. ................................................... 1

   II. Section 1692c(b) Passes Intermediate Scrutiny. ............................ 5

**CONCLUSION** ................................................................................. 9

# TABLE OF AUTHORITIES

**CASES**

*Barr v. Am. Ass'n of Political Consultants*,
  140 S. Ct. 2335 (2020) ................................................................................... 4

*Berg v. Merchants Ass'n Collection Div., Inc.*,
  586 F. Supp. 2d 1336 (S.D. Fla. 2008) ...................................... 5, 6, 7, 8

*Central Hudson Gas & Electric Corp. v. Public Serv. Comm'n*,
  447 U.S. 557 (1980) ............................................................................... 4, 5

*City of Austin v. Reagan National Advertising of Austin, LLC*,
  --- S. Ct. ----, 2022 WL 1177494 (Apr. 21, 2022) ........................... 2, 3, 4

*Metromedia, Inc. v. San Diego*,
  453 U.S. 490 (1981) ................................................................................... 3

*Greater Phila. Chamber of Commerce v. City of Phila.*,
  949 F.3d 116 (3d Cir. 2020) ................................................................. 2, 5

*Khimmat v. Weltman, Weinberg & Reis Co., LPA*,
  --- F. Supp. 3d ----, 2022 WL 356561 (E.D. Pa. Feb. 7, 2022) ............ 6, 8

*Koby v. ARS Nat. Servs., Inc.*,
  No. 09-cv-780, 2010 WL 1438763 (S.D. Cal. Mar. 29, 2010) ............. 6, 8

*Mark v. J.C. Christensen & Assocs., Inc.*,
  No. 09-cv-100, 2009 WL 2407700 (D. Minn. Aug. 4, 2009) ............... 6, 8

*Otto v. City of Boca Raton*,
  981 F.3d 854 (11th Cir. 2020) ................................................................. 3

*Reagan Nat'l Advert. of Austin, Inc. v. City of Austin*,
  972 F.3d 696 (5th Cir. 2020) ................................................................... 3

*Recht v. Morrisey*,
  --- F.4th ----, 2022 WL 1233240 (4th Cir. Apr. 27, 2022) ...................... 4

*Reed v. Town of Gilbert,*
  576 U.S. 155 (2015) ............................................................................... 4

*Sorrell v. IMS Health Inc.,*
  564 U.S. 552 (2011) ............................................................................... 4

*United States v. Edge Broad. Co.,*
  509 U.S. 418 (1993) ........................................................................... 7, 8

**STATUTES**

15 U.S.C. § 1692a(2) ................................................................................. 8

15 U.S.C. § 1692c(b) ....................................................................... *passim*

15 U.S.C. § 1692f(5) .................................................................................. 8

**OTHER AUTHORITIES**

S. Rep. 95–382 (1977),
  *reprinted in* 1977 U.S.C.C.A.N. 1695 ................................................... 5

## INTRODUCTION

If the Court must determine the merits of Defendant's constitutional challenge, it should conclude that applying 15 U.S.C. § 1692c(b) to Defendant's alleged conduct is permissible under the First Amendment. Defendant has acknowledged that this is a case about commercial speech. Notwithstanding Defendant's arguments to the contrary, intermediate scrutiny is the appropriate standard of review for regulations of such speech. That much was already clear under Third Circuit law, and it was confirmed just recently by decisions of the Supreme Court and Fourth Circuit. Applying intermediate scrutiny in this case, the Court should find that Section 1692c(b) directly advances the government's substantial interest in protecting consumer privacy in a narrowly tailored, reasonable manner. Accordingly, if a ruling on Defendant's constitutional challenge proves necessary to resolve Defendant's motion to dismiss, the Court should deny that motion.

## ARGUMENT

### I. Recent Judicial Authority Confirms That Intermediate Scrutiny Is the Proper Standard of Review.

In responding to the United States' opening brief, Defendant continues to advocate for strict-scrutiny review. *See* Def.'s Response, ECF No. 38, at 2–6. According to Defendant, a "prohibition on the use of letter vendors requires inspection of the *content* of the speech." *Id.* at 1. On that basis alone, Defendant urges that "strict scrutiny is the appropriate standard of review" in this case "regardless of the commercial nature of the speech at issue in this case." *Id*.

As the United States has explained, though, Defendant's test is not the law. *See* ECF No. 35, at 12–19. The mere fact that a court might

need to consider the content of a particular communication to determine whether Section 1692c(b) has been violated is not sufficient to render the provision content based. *See id.* at 15–17. And even if Section 1692c(b) were content based, it would not follow, as Defendant argues, that strict scrutiny applies. *See id.* at 17–19. In fact, controlling Third Circuit precedent recognizes just the opposite: that "the Supreme Court has consistently applied intermediate scrutiny to commercial speech restrictions, even those that were content- and speaker-based." *Greater Phila. Chamber of Commerce v. City of Phila.*, 949 F.3d 116, 138 (3d Cir. 2020). There is no dispute that the speech at issue in this case is commercial speech. *See* Def.'s Br., ECF No. 13, at 48. Thus, intermediate scrutiny is the proper standard of review.

That conclusion is reinforced by the Supreme Court's recent decision in *City of Austin v. Reagan National Advertising of Austin, LLC*, --- S. Ct. ----, 2022 WL 1177494 (Apr. 21, 2022). In *City of Austin*, outdoor advertising companies challenged the City's sign code, which, among other things, prohibited the digitization of "off-premises" signs—meaning signs "advertising a business, person, activity, goods, products, or services not located on the site where the sign is installed, or that directs persons to any location not on that site"—but allowed digitization of "on-premises" signs. *Id.* at *3. The advertising companies argued, much like Defendant here, that the differential restriction on off-premises signs was content based and therefore subject to strict scrutiny. The Fifth Circuit had agreed, concluding that, as Defendant argues here, "[t]he fact that a government official had to read a sign's message to determine the sign's purpose" was "an obvious content-based inquiry" and so "was enough to subject the law to strict scrutiny." *Reagan Nat'l Advert. of*

*Austin, Inc. v. City of Austin*, 972 F.3d 696, 706–07 (5th Cir. 2020) (internal quotation marks omitted); *cf.* Def.'s Response at 5–6 ("As the 'content of the message must be evaluated,' this Court can 'reliably' determine that the restriction at issue is content based." (quoting *Otto v. City of Boca Raton*, 981 F.3d 854, 862 (11th Cir. 2020))). But the Supreme Court expressly rejected the Fifth Circuit's analysis—and, by extension, the test that Defendant advocates here—instead confirming that its "First Amendment precedents and doctrines have consistently recognized that restrictions on speech may require some evaluation of the speech and nonetheless remain content neutral." *City of Austin*, 2022 WL 1177494, at \*6; *see also* United States' Br. at 15–17.

Even beyond rejecting Defendant's test for identifying content-based regulations, *City of Austin* supports the United States' more general contention in this case: that, even if Section 1692c(b) could be considered to be "content based," it would still be a commercial-speech regulation subject to intermediate scrutiny. Describing the Supreme Court's prior decision in *Metromedia, Inc. v. San Diego*, 453 U.S. 490 (1981) (plurality), the *City of Austin* majority noted that, in *Metromedia*, there was no "need to decide whether the off-premises prohibition was content based, as [the prohibition] regulated only commercial speech and so was subject to intermediate scrutiny in any event." *City of Austin*, 2022 WL 1177494, at \*6.[1] Thus, *City of Austin* confirms that there is no

---

[1] Indeed, from *City of Austin*, it seems that all of the Justices on the Supreme Court understand that Court's precedent to require only intermediate scrutiny of commercial-speech regulations, whether or not they might be considered content based. Justice Alito, concurring in part and dissenting in part, likewise noted that "under [the Supreme Court's] precedents, regulations of commercial speech are analyzed differently."

basis for Defendant's argument that "strict scrutiny is the appropriate standard of review . . . regardless of the commercial nature of the speech at issue in this case."

Just last week, the Fourth Circuit similarly concluded that intermediate scrutiny applies in cases about commercial speech, and expressly distinguished the line of cases applying strict scrutiny to "content-based" speech regulations. In *Recht v. Morrisey*, --- F.4th ----, 2022 WL 1233240 (4th Cir. Apr. 27, 2022), the Fourth Circuit considered a First Amendment challenge to a West Virginia law that, among other things, prohibited certain "attorney advertisements that give the false impression that they reflect medical or governmental advice." *Id.* at *1. In line with Defendant's arguments in this case, the district court in *Recht* had concluded that the Supreme Court's decisions in *Sorrell v. IMS Health Inc.*, 564 U.S. 552 (2011), *Reed v. Town of Gilbert*, 576 U.S. 155 (2015), and *Barr v. American Ass'n of Political Consultants*, 140 S. Ct. 2335 (2020), required the application of strict scrutiny even to commercial-speech regulations. *See Recht*, 2022 WL 1233240, at *2, *4. But the Fourth Circuit rejected that conclusion, noting that "none of [those cases] purport to displace commercial speech doctrine," and it reaffirmed that "[c]ommercial speech regulations are analyzed under *Central Hudson* [*Gas & Electric Corp. v. Public Service Commission*, 447 U.S. 557 (1980)]." *Recht*, 2022 WL 1233240, at *4–5.

---

*Id.* at *12. And in dissent, Justice Thomas, the author of the majority opinion in *Reed v. Town of Gilbert*, 576 U.S. 155 (2015), stated his understanding that the Supreme Court's "precedents have . . . declined to apply strict scrutiny to [certain] types of content-based restrictions, including laws targeting 'commercial speech.'" *City of Austin*, 2022 WL 1177494, at *13 n.1.

As *City of Austin* and *Recht* confirm, intermediate scrutiny is the proper standard of review for regulations of commercial speech, whether or not those regulations might be considered content based. *See also Greater Phila. Chamber of Commerce*, 949 F.3d at 138. Because Section 1692c(b) regulates commercial speech, *see* Def.'s Br. at 48, this Court should reject Defendant's strict-scrutiny arguments and instead analyze the statute under the intermediate scrutiny standards articulated in *Central Hudson*.[2]

## II. Section 1692c(b) Passes Intermediate Scrutiny.

In addressing the United States' arguments under intermediate scrutiny, Defendant does not contest the substantiality of the government's interest in protecting consumer privacy.[3] Rather, Defendant takes issue with the relationship between the government's interest and Section 1692c(b)'s restrictions, arguing that the statute does not directly advance the government's interest in a reasonable way. *See*

---

[2] Of course, in the event that the Court disagrees and determines that it must subject Section 1692c(b) to strict scrutiny, the United States maintains, and incorporates here by reference, its arguments that the statute survives that higher standard of review. *See* United States' Br. at 24–27.

[3] Defendant frames the government's interest in slightly different terms, characterizing the FDCPA's purpose as being to "prevent[] abusive debt collection practices." Def.'s Response at 8. That rhetorical difference is of little moment, however, given Congress's determination that "disclosing [a] consumer's personal affairs to third persons" is generally "not [a] legitimate collection practice[] and result[s] in serious invasions of privacy." S. Rep. 95–382, at 4 (1977), *reprinted in* 1977 U.S.C.C.A.N. 1695, 1699; *see also Berg v. Merchants Ass'n Collection Div., Inc.*, 586 F. Supp. 2d 1336, 1345 (S.D. Fla. 2008) ("The invasion of privacy, however, was also a stated goal of Congress.").

Def.'s Response at 8–11. But as the United States has already explained, Defendant's arguments fail.[4]

Every court to consider the question has found that Section 1692c(b) directly advances the government's substantial interest in protecting consumer privacy. *See Khimmat v. Weltman, Weinberg & Reis Co., LPA*, --- F. Supp. 3d ----, 2022 WL 356561, at *5 (E.D. Pa. Feb. 7, 2022) ("The government has a substantial interest in limiting the number of people exposed to knowledge that a consumer is a debtor, and the FDCPA proportionately advances this interest."); *Koby v. ARS Nat. Servs., Inc.*, No. 09-cv-780-JAM-JMA, 2010 WL 1438763, at *6 (S.D. Cal. Mar. 29, 2010) ("The FDCPA directly advances the government's substantial interest in . . . protection against invasion of privacy[,] . . . [by] preventing debt collectors from disclosing information to third parties . . . ."); *see also Mark v. J.C. Christensen & Assocs., Inc.*, No. 09-cv-100-ADM-SRN, 2009 WL 2407700, at *8 (D. Minn. Aug. 4, 2009); *Berg*, 586 F. Supp. 2d at 1345. It does so by limiting communications by debt collectors in connection with their debt-collecting activities to persons with direct and relevant interests in the debt, unless the consumer has effectively waived the right to privacy or another exception applies. *See Koby*, 2010 WL 1438763, *6. Those restrictions mitigate the risk that a consumer's privacy will be compromised, as it would be if the consumer's status as a debtor were to become known to her associates. *Cf. Berg*, 586

---

[4] As explained in the United States' opening brief, a saving construction must be considered if the court finds that the Plaintiff's interpretation of Section 1692c(b)—specifically, the application of that statute to Defendant's communication with a letter vendor—raises constitutional concerns. *See* United States' Br. at 10-11 n.4.

F. Supp. 2d at 1345 (noting that privacy would be compromised if a "third person may retrieve or overhear" a debt collector's message to the consumer). Thus, Section 1692c(b) directly advances the government's interest in consumer privacy.

Defendant rejects this conclusion, contending that Section 1692c(b) fails to directly advance the government's interest because communications with letter vendors pose no risk to the privacy of consumers. *See* Def.'s Response at 8–10. Indeed, Defendant argues that the FDCPA was actually "designed to protect" the use of letter vendors as a "non-abusive debt collection activity," *id.* at 8–9, that "[t]he use of a letter vendor does not involve the consumer's friends, neighbors, relatives, or employer or any other individual who could reasonably [be] considered . . . the type of person whom the statu[t]e was designed to protect disclosure from," *id.* at 9 (internal quotation marks omitted), and that "consumer privacy is more protected via the use of letter vendors, not less," *id.* at 10. Even on their own terms, though, these arguments ignore the obvious potential that a letter vendor may employ a debtor, or may employ such a debtor's friends, neighbors, relatives, or other associate. Given that possibility, there is little reason to think that communications with letter vendors pose *no* risk to consumer privacy.

More fundamentally, Defendant's direct-advancement arguments are addressed to the wrong level of analysis. As the Supreme Court has noted, the question under intermediate scrutiny is not "whether the governmental interest is directly advanced as applied to a single person or entity." *United States v. Edge Broad. Co.*, 509 U.S. 418, 427 (1993). Instead, "[e]ven if there were no advancement as applied in that manner . . . there would remain the matter of the regulation's general application

to others." *Id.* Because it is undisputed that Section 1692c(b)'s general application limits harmful third-party contacts and thereby reduces the possibility that consumer information is exposed, the statute directly advances the government's interest in protecting consumer privacy.

Defendant's attacks on Section 1692c(b)'s "fit" are similarly unavailing. Defendant asserts that "a blanket ban on communications with letter vendors is far too burdensome to pass intermediate scrutiny." Def.'s Response at 10. But that assertion is a straw man: As courts considering Section 1692c(b) have found, the statute is not a blanket ban on third-party contacts, but rather contains "sufficient exceptions to allow a debt collector to continue to collect." *Khimmat*, 2022 WL 356561, at *5; *see also Koby*, 2010 WL 1438763, at *6; *Mark*, 2009 WL 2407700, at *8; *Berg*, 586 F. Supp. 2d at 1345. Nor does the application of Section 1692c(b) to communications with letter vendors necessarily portend Defendant's parade of horribles, such as a prohibition on debt collectors' use of email, *see* Def.'s Response at 10, particularly in light of the FDCPA's distinction between a "person" and a "medium." 15 U.S.C. § 1692a(2); *see also* 15 U.S.C. § 1692f(5) (addressing the use of telegrams to send debt-communications to a consumer).

Section 1692c(b) "may not be, nor does it need to be, the 'least restrictive' means" of protecting consumer privacy. *Berg*, 586 F. Supp. 2d at 1345. It suffices that the statute's restrictions on communications with third parties be in reasonable proportion to the government's interest in protecting consumer privacy. Section 1692c(b) leaves Defendant substantially free to communicate in connection with its collection on a debt with relevant persons, and with other persons that the consumer has approved to receive such communications. Even if additional

exceptions to the law's restriction might allow debt collectors to realize greater economic efficiencies in the debt collection process, the First Amendment does not require government approval of Defendant's preferred business model. The Court should find Section 1692c(b)'s fit to be in reasonable proportion to the interest it serves, and that, as applied to Defendant's alleged conduct, the statute satisfies intermediate scrutiny.

## CONCLUSION

For these reasons, and those in the United States' opening brief, ECF No. 35, if the Court reaches Defendant's constitutional challenge, it should find that the First Amendment permits Section 1692c(b) to be applied to Defendant's alleged conduct.

Dated: May 4, 2022

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

LESLEY R. FARBY
Assistant Branch Director

*/s/ Cody T. Knapp*
CODY T. KNAPP (New York No. 5715438)
HANNAH M. SOLOMON-STRAUSS
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, D.C. 20005
Telephone: (202) 532-5663
Facsimile: (202) 616-8470
E-mail: cody.t.knapp@usdoj.gov

*Counsel for the United States of America*

## Certificate of Service

I hereby certify that, on May 4, 2022, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all parties in this case.

<u>*/s/ Cody T. Knapp*</u>
CODY T. KNAPP
New York Bar No. 5715438
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, D.C. 20005
Telephone: (202) 532-5663
Facsimile: (202) 616-8470
E-mail: cody.t.knapp@usdoj.gov

*Counsel for the United States of America*